UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDICK LAMAR WOODSON,

    Petitioner,

v.                                                      CASE NO. 8:14-CV-1269-T-27EAJ
                                                      CRIM. CASE NO. 8:08-CR-135-T-27EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal conviction and sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), and memorandum of law in support of the motion (CV Dkt. 2). A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly dismissed without a response from the United States. 28 U.S.C. § 2255(b). Upon consideration of the § 2255 motion and the record, the Court concludes that the § 2255 motion must be dismissed as successive.

## BACKGROUND

Petitioner was charged by Indictment with felon in possession of a firearm and ammunition (CR Dkt. 1). Petitioner pleaded guilty to the charge pursuant to a plea agreement (CR Dkts. 26, 30, 31). He was sentenced to 180 months imprisonment to be followed by 5 years

supervised release (CR Dkts. 36, 39). Petitioner did not appeal. Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was dismissed as time-barred on October 22, 2012. *See Woodson v. USA*, Case No. 8:12-cv-2112-T-27EAJ (M.D. Fla.2012). Petitioner did not appeal the dismissal of his § 2255 motion.

## DISCUSSION

Petitioner now returns to this Court seeking to vacate his conviction and sentence based upon *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Donawa v. United States*, 735 F.3d 1275 (11th Cir. 2013). "[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. §2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255 which was dismissed as time-barred,[1] and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005).

Petitioner suggests that if the Court finds the § 2255 motion successive, that the Court, in the alternative, construe the motion as one for relief pursuant to 28 U.S.C. § 2241 (CV Dkt. 2 at p. 2). Under the "savings clause" of § 2255, a petitioner may file a § 2241 petition if he demonstrates that an otherwise available remedy under § 2255 is inadequate or ineffective to test

---

[1] The dismissal of Petitioner's first § 2255 motion as time-barred constitutes an adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (petitioner required to obtain approval from circuit court of appeal prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Villenueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003), *cert. denied*, 542 U.S. 928 (2004) (holding that "a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

the legality of his detention. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003); *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999). The savings clause applies when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision established that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. *Sawyer*, 326 F.3d at 1365 (citing *Wofford*, 177 F.3d at 1244). All three criteria must be satisfied in order for a petitioner to proceed under the savings clause. *Flores v. McFadden*, 152 Fed.Appx. 913, 914 (11th Cir. 2005) (unpublished), *cert. denied*, 547 U.S. 1173 (2006).

Petitioner has not satisfied all three elements under the savings clause. *Donawa* is a circuit court decision, not a Supreme Court decision. And although *Descamps* is a Supreme Court decision, the Supreme Court did not make the rule announced in *Descamps* retroactive to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013) ("The declaration of retroactivity must come from the Justices."). And district courts have uniformly rejected the retroactive application of *Descamps*. *See Reed v. United States,* 2013 WL 5567703, 3 (M.D.Fla.,2013); *United States v. Chapman*, 2014 U.S. Dist. LEXIS 65907, at *10 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review.") (citations omitted); *Harr v. United States*, 2014 U.S. Dist. LEXIS 58692, at *8 (C.D. Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw."). Relief under § 2241 is therefore unavailable..

This case will therefore be dismissed to enable Petitioner to seek authorization from the Eleventh Circuit to file a second § 2255 motion.

ACCORDINGLY:

1. The motion to vacate, set aside, or correct an illegal sentence is **DISMISSED**, without prejudice, for lack of jurisdiction (CV Dkt. 1).

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

3. The **Clerk** shall close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant § 2255 motion is clearly a successive motion, Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** on June 3rd, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copy furnished to:
Petitioner *pro se*